IN THE UNITED STATES DISTRICT COU RT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL J. STOTTER<br>ATTORNEY AT LAW<br>3542 NW SATINWOOD STREET<br>CORVALLIS, OREGON 97330<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF LABOR<br>601 D STREET, NW<br>WASHINGTON, DC   20210<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No: 25-cv-169<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I.   INTRODUCTION**

1. Plaintiff, attorney Daniel J. Stotter ("Plaintiff"), hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Department of Labor ("DOL") in failing to provide Plaintiff with all non-exempt records responsive to his August 30, 2023 FOIA request to the DOL, seeking copies of finalized Contract Medical Consultant Reports authored or prepared Dr. Robert Hoffman, M.D., in the possession or control of the Department of Labor Workers' Compensation Program, Division of Energy Employees Occupational Illness Compensation, created within the time frame of June 1, 2021 to June 1, 2023.

– 1 –

COMPLAINT

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Daniel J. Stotter, Attorney at Law, is an Oregon attorney, whom at all times relevant herein, has worked and resided in Benton County, Oregon.

5. Defendant Department of Labor is federal agency of the United States, and as such, is a federal agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. The FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform to agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA also requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. The FOIA further requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and

legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. The FOIA also expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. The FOIA also provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to the FOIA statute, a federal agency cannot charge search fees for a FOIA request if they fail to meet the applicable deadlines for issuing a final decision for a FOIA Request. 5 U.S.C. § 552(a)(4)(A)(viii).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.   FACTUAL ALLEGATIONS

14. On or about August 30, 2023, Attorney Daniel Stotter submitted a FOIA request to the Department of Labor, seeking copies all non-exempt portions of finalized Contract Medical Consultant Reports authored or prepared Dr. Robert Hoffman, M.D., in the possession or control

of the Department of Labor Workers' Compensation Program, Division of Energy Employees Occupational Illness Compensation, created within the time frame of June 1, 2021 to June 1, 2023.

15. On or about October 13, 2023, Plaintiff sent an email to the Department of Labor's FOIA office, inquiring as to the status of his August 30, 2023 FOIA request, and requesting the estimated date of completion by which he could expect to receive the requested records.

16. On or about November 30, 2023, Plaintiff received a letter, dated November 20, 2023, from the Department of Labor's Department of Labor's Office of Workers' Compensation Program, Division of Energy Employees Occupational Illness Compensation, informing Plaintiff that his FOIA Request had been assigned as DOL Tracking Number 2024-F-00121 (Stotter). This letter further informed Plaintiff, *inter alia*, that he was required to confirm his willingness to pay FOIA search fees of a minimum of $56,000 (Fifty Six Thousand Dollars) to fulfill this record request, and further indicating that a written response from Plaintiff addressing this issue must be received by that DOL office, by mail or email, within 30 days of the date of that letter.

17. On or about December 17, 2023, Plaintiff sent a response to the email address which was provided in the DOL's November 30, 2023 letter referenced in the paragraph above, indicating that pursuant to 5 U.S.C. § 552(a)(4)(A)(viii), the DOL was not authorized to charge search fees for this FOIA request, as they had failed to meet the applicable statutory deadlines for issuing a final decision for this FOIA Request pursuant to the FOIA statute, and further noting that the agency's listed search fees were not reasonable or appropriate for the FOIA at issue. This email from Plaintiff also requested that the DOL provide the applicable appeal information for seeking review of the agency's November 20, 2023 fee assessment

determination, and also requested the DOL to expressly confirm that any applicable appeal deadline for challenging the agency's November 20, 2023 fee assessment would be tolled until the agency had provided Plaintiff with the applicable administrative appeal review procedural rights for challenging this agency fee determination.

18. On or about January 23, 2024, the DOL sent a letter to Plaintiff, issuing a determination to uphold the agency's prior FOIA fee assessment, and providing instructions for appealing this fee determination decision. This January 23, 2024, letter further provided that Plaintiff's applicable deadline for appealing this fee assessment was tolled for a period of 90 days from the date of this letter.

19. On or about February 7, 2024, Plaintiff timely submitted an administrative appeal of the above referenced DOL fee assessment determinations for his FOIA Request, identified as DOL Tracking Number 2024-F-0012, which was sent to the DOL via email and USPS Certified Mail. This FOIA administrative appeal was received by the agency via email on February 7, 2024, and was received by the DOL via USPS Certified Mail on February 20, 2024.

20. On or about February 13, 2024, Plaintiff received an email from the Department of Labor's Appeals Unit, Freedom of Information Act / Privacy Act, Division of Management and Administrative Legal Services, confirming that Plaintiff's FOIA administrative appeal had been received, and indicating that this appeal had been assigned as FOIA Appeal Reference No.2024-A-00053.

21. On or about April 18 2024, Plaintiff sent an email to the DOL's FOIA Appeals Office, requesting the current status and the estimated date of completion for DOL issuing a final decision on FOIA Appeal No.2024-A-00053.

22.     On or about July 5, 2024, Plaintiff sent another email to the DOL's FOIA Appeals Office, requesting the status and estimated date of completion for that agency issuing a final decision on FOIA Appeal No.2024-A-00053.

23.     On or about December 5, 2024, Plaintiff sent another email to the DOL's FOIA Appeals Office, once again requesting the status and estimated date of completion for that agency issuing a final decision on FOIA Appeal No.2024-A-00053. This email further informed the DOL's FOIA Appeals office that Plaintiff had made a change to the name of his law firm to "Daniel J. Stotter, Attorney at Law", and expressly indicating that he was now seeking the information at issue in this FOIA appeal, which had previously been assigned as DOL FOIA Tracking # 2024-F-00121 (Stotter) on behalf of his current law firm "Daniel J. Stotter, Attorney at Law."

24.     On or about December 9, 2024, Plaintiff received an email from the DOL, indicating that FOIA Appeal No.2024-A-00053 was still being processed by that agency, and confirming the agency's receipt of the change of his law firm to Daniel J. Stotter, Attorney at Law for this FOIA Request and FOIA Appeal.

25.     As of the date of filing this legal action, Plaintiff has not received a decision from the DOL for FOIA Appeal No.2024-A-00053, and has to date still not received any records responsive to his August 30, 2023, FOIA Request, identified as DOL Tracking Number 2024-F-00121 (Stotter).

## VII. CLAIMS FOR RELIEF

26.     Plaintiff realleges, as if fully set forth herein, paragraphs 1-25 previously set forth herein.

27. Defendant DOL has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his August 30, 2023, FOIA request, identified as DOL Tracking Number 2024-F-00121 (Stotter).

28. Defendant DOL has violated FOIA by seeking to charge search fees in violation of the express provisions of 5 U.S.C. § 552(a)(4)(A)(viii) for Plaintiff's August 30, 2023, FOIA request, identified as DOL Tracking Number 2024-F-00121 (Stotter).

29. By failing to provide Plaintiff with all non-exempt responsive record to his August 30, 2023 FOIA request, and by attempting to unlawfully charge Plaintiff with search costs for responsive records to this FOIA request, Defendant DOL has denied Plaintiff's right to the information he has requested in his August 30, 2023, FOIA Request, as provided by the Freedom of Information Act.

30. Defendant DOL has also violated FOIA by failing to perform an adequate search, reasonably calculated to locate all responsive records Plaintiff's August 30, 2023, FOIA request.

31. By failing to perform an adequate search, reasonably calculated to locate all responsive records to Plaintiff's August 30, 2023, FOIA request, Defendant DOL has denied Plaintiff's right to this information, as required by law under the Freedom of Information Act.

32. Unless enjoined by this Court, Defendant DOL will continue to violate Plaintiff's legal rights to be provided with copies of the records that he has requested in his August 30, 2023, FOIA request.

33. Plaintiff is directly and adversely affected and aggrieved by Defendant DOL's failure to provide responsive records to his FOIA request described above.

34. Plaintiff has been required to expend costs and to obtain the services of a law firm,

consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

35. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1. Declare Defendant DOL has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his August 30, 2023, FOIA request.

2. Declare Defendant DOL has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's AWHC's August 30, 2023 FOIA request.

3. Declare that Defendant DOL has violated FOIA by seeking to unlawfully charge search fees for responsive records in violation of the express provisions of the FOIA statute.

4.. Direct by injunction that Defendant DOL perform an adequate search for records, and provide Plaintiff with all non-exempt responsive records to Plaintiff's October 22, 2021, FOIA request.

5. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

6. Provide such other relief as the Court deems just and proper.

DATED: This 20th day of January, 2025.

Respectfully submitted,

  /s/ Daniel J. Stotter
Daniel J. Stotter (WI0015)
Attorney at Law

P.O. Box 1753
Corvallis, Oregon 97339
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**